IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
          vs.                 )      Criminal No. 08-66
                              )      See Civil Action No. 10-527
ANDREW LEE SMITH,             )
                              )
          Defendant.          )

O R D E R

AND NOW, this 12th day of May, 2010, IT IS HEREBY
ORDERED that this Court's Order entered April 26, 2010, treating
Defendant's pro se motion under 18 U.S.C. § 3582(c)(1)(A) for a
sentence reduction as a motion to vacate, set aside, or correct
his sentence pursuant to 28 U.S.C. § 2255, is **VACATED** and this
Court will consider Defendant's Motion as it was originally filed
– as one for a sentence reduction under § 3582(c)(1)(A).

AND, further, upon consideration of Defendant's pro se
"Motion [Under] § 3582(c)(1)(A) For Sentence Reduction 'Downward
Departure' Under U.S.S.G. 5H1.4 'Extraordinary Physical
Impairment' and 1B1.13 'Extraordinary and Compelling Reasons'"
(Document No. 61) filed in the above captioned matter on April 22,
2010,

IT IS HEREBY ORDERED that said Motion is **DENIED**.

On April 23, 2009, this Court sentenced Defendant to a
term of imprisonment of 57 months for distribution and possession

1

with intent to distribute 50 grams or more of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  On April 22, 2010, Defendant, proceeding <u>pro</u> <u>se</u>, filed the present Motion under § 3582(c)(1)(A) for a sentence reduction.  After a review of Defendant's Motion, and knowing that the time within which Defendant could file a motion under § 2255 would expire in one day, the Court, to the benefit of Defendant, treated Defendant's Motion as a motion under § 2255 to vacate, set aside, or correct sentence, and ordered Defendant to advise the Court by May 26, 2010, as to how he wished to proceed in this matter pursuant to <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), to wit, to inform the Court whether he wished the Motion to be ruled upon as filed or if he wished to withdraw the Motion and file one all-inclusive motion.

In response to the Court's Order, on May 5, 2010, Defendant filed his "Motion, Movant is Responding Notice of His Decision <u>Hereby Ordered</u> to Reply by May 26th, 2010." (Document No. 65).  In this Notice, Defendant adamantly states that he wants his Motion decided as it was originally filed – as one under § 3582(c)(1)(A) – and not as one under §2255.[1]

---

[1]     It appears that Defendant does not wish to have his motion construed as one under § 2255 because, pursuant to the plea agreement, he waived his right to file a motion under § 2255 or "any other collateral proceeding attacking his conviction or sentence."  A criminal defendant's waiver of his right to file a motion under § 2255 or to otherwise seek collateral relief is valid if entered into "knowingly (continued...)

Title 18, United States Code, Section 3582(c)(1)(A), provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that. . . (A) the court, upon motion of the **Director of the Bureau of Prisons**, may reduce the term of imprisonment. . . if it finds that (i) extraordinary and compelling reasons warrant such a reduction.

(Emphasis added). The current motion was filed by Defendant rather than by the Director of the Bureau of Prisons. "It is well settled law that a district court can not grant a prisoner's request for modification of his sentence under [§ 3582(c)(1)(A)] if the Director of the BOP does not move for a reduction of sentence." Carter v. Southerland, 2010 WL 1325659, at *3 (D. N.J. Mar. 31, 2010). See also United States v. Lockhart, 140 Fed. Appx. 883, 884-85 (11th Cir. 2005); United States v. Hudson, 44 Fed. Appx. 457, 458 n.2 (10th Cir. 2002); Hughs v. Grondolsky, 2010 WL 891590, at *4 (D. N.J. Mar. 9, 2010); United States v. Mercer, 2009 WL 3601613, at *2 (W.D. Pa. Oct. 28, 2009); United States v. Thomas, 570 F. Supp. 2d 202, 203 (D. P.R. 2007); Morales v. United States, 353 F. Supp. 2d 204, 205 (D. Mass. 2005).

---

[1](...continued)
and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). Accordingly, it is likely that Defendant is precluded from pursuing relief pursuant to § 2255. However, because the waiver in the plea agreement applies also to any other collateral proceeding attacking Defendant's conviction or sentence, the waiver would likely preclude any collateral attack, no matter how it is fashioned, including the present one. Regardless, as discussed herein, Defendant is not entitled to the relief he seeks under the statute under which he wishes to proceed.

Accordingly, the Court has no authority to modify Defendant's sentence pursuant to § 3582(c)(1)(A).

In any event, contrary to Defendant's contentions in his Motion, his counsel did raise the issue of Defendant's medical condition prior to sentencing as a ground for a departure and/or variance, and this Court did consider Defendant's condition at the time it imposed his sentence. The Court found that while Defendant's medical condition is undoubtedly serious, it is not extraordinary in relation to the crime he committed or to his sentencing, that there was no link between his condition and his crime, and that there was no indication that the Bureau of Prisons would not be able to provide adequate treatment for his medical condition. As such, even if § 3582(c)(1)(A) did authorize the Court to modify Defendant's sentence, which it does not, no reduction would be warranted.

Therefore, based upon the reasons stated above, Defendant's Motion under § 3582(c)(1)(A) is denied.

s/Alan N. Bloch
United States District Judge

ecf:     Counsel of record

cc:      Andrew Lee Smith
         #09773-068
         Ft. Devens Medical Center
         P.O. Box 879
         Ayer, MA 01432

4